IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

M. BYRON CHARLES, M.D.,

    Plaintiff,                            No. CIV S-05-2077 GEB DAD PS

    v.

CHARLES GUENTHER,                FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        This matter came before the court on August 24, 2007, for hearing of defendant's motion for summary judgment. Jeffery Owensby, Esq. appeared for defendant. No appearance was made by plaintiff, who is proceeding pro se. Defendant's unopposed motion was taken under submission. Upon consideration of defendant's motion and the entire record, the undersigned recommends that defendant's motion for summary judgment be granted.

PROCEDURAL HISTORY

        Plaintiff commenced this action on October 14, 2005, by filing a complaint alleging defamation, interference with prospective business advantage, and interference with contractual relationship by defendant Guenther and twenty Doe defendants.

        Plaintiff alleges as follows: he is a physician and surgeon residing in Nevada; defendant Guenther is Chief Executive Officer of Eastern Plumas Health Care; plaintiff was

1

employed by Eastern Plumas Health Care from August 25, 1998, to June 1, 2002; in August 2004, plaintiff was recruited for a general surgery position at Kaweah Delta Health Care District ("Kaweah Delta"); in September 2004, plaintiff was verbally offered a position as general surgeon at Kaweah Delta and accepted the offer; plaintiff submitted an application form and a signed consent form permitting Kaweah Delta to investigate plaintiff's professional background and credentials; Kaweah Delta's verbal offer of employment was confirmed in writing on September 27, 2004; on October 6, 2004, Kaweah Delta faxed plaintiff an employment contract; on October 18, 2004, a Kaweah Delta employee informed plaintiff that Kaweah Delta had stopped processing plaintiff's application after receiving a negative reference letter from the chief executive officer of one of plaintiff's former employers; plaintiff responded with a written request in which he indicated his belief that any negative comments regarding his qualifications were inaccurate and requested that Kaweah Delta investigate the negative reference fully; staff at Kaweah Delta would not disclose which former employer provided the negative reference but read or paraphrased the contents of the reference, which indicated that plaintiff's cooperation with fellow workers was poor, he had failed to maintain orderly records, and he had been suspended for chronic failure to complete medical records; in a letter dated October 21, 2004, Kaweah Delta withdrew plaintiff's employment contract; plaintiff believes that defendant Guenther is the chief executive officer who authored the negative reference and that the defendant made false and damaging statements regarding plaintiff's qualifications as a physician and surgeon to other hospitals and healthcare facilities where plaintiff has sought employment; while plaintiff was pursuing employment at Kaweah Delta, he declined an offer of employment by another hospital in anticipation of employment at Kaweah Delta; since October 2004 plaintiff has been employed as a physician and surgeon at various locations on a contract basis but has not obtained a permanent staff position with any hospital or health care facility. (Compl. at 2-5.)

Plaintiff seeks damages in the amount of not less than $135,000, punitive damages, and injunctive relief.

Defendant filed an answer to plaintiff's complaint on February 27, 2006. In the scheduling order filed March 13, 2006, the district judge dismissed plaintiff's Doe defendants. Discovery closed on August 22, 2007, and the time for hearing pretrial motions will expire on October 22, 2007. The case is set for final pretrial conference on December 17, 2007, and jury trial on March 25, 2008, before the Honorable Garland E. Burrell, Jr.

STANDARDS APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). See also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

> A party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Celotex Corp., 477 U.S. at 323. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

1    If the moving party meets its initial responsibility, the burden then shifts to the
2 opposing party to establish that a genuine issue as to any material fact actually does exist.
3 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of
4 Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607
5 F.2d 1276, 1280 (9th Cir. 1979).  The opposing party must demonstrate that a fact in contention
6 is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that
7 the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for
8 the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec.
9 Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  Thus, the
10 "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see
11 whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P.
12 56(e) advisory committee's note on 1963 amendments).

13                                    DISCUSSION

14    Defendant seeks summary judgment on the ground that plaintiff cannot establish
15 all the elements of any of his claims.  In his statement of undisputed facts, defendant presents
16 facts regarding each of plaintiff's claims as well as facts in support of the bar imposed by
17 operation of California Civil Code § 43.8[1] and by the release executed by plaintiff in favor of
18 persons who responded to Kaweah Delta's inquiry about him.[2]  Defendant's undisputed facts are
19 supported by defendant's own declaration and an attached exhibit.

---

[1] California Civil Code § 43.8 provides that "there shall be no monetary liability on the part of, and no cause of action for damages shall arise against, any person on account of the communication of information in the possession of that person to any hospital, hospital medical staff . . . when the communication is intended to aid in the evaluation of the qualifications, fitness, character, or insurability of a practitioner of the healing or veterinary arts."

[2] The release signed by plaintiff states: "I hereby release . . . all persons and entities providing credentialing information to such representatives of [Kaweah Delta Health Care District] from any liability they might incur for their acts and/or communications in connection with evaluation of my qualifications for participation in this Healthcare Organization, to the extent that those acts and/or communications are protected by state or federal law." (Decl. of Charles Guenther in Supp. of Dispositive Mot., Ex. 1 at 1.)

1   Defendant argues that (1) he is immune from liability for all of plaintiff's claims
2   pursuant to California Civil Code § 43.8; (2) the evidence demonstrates that the allegedly
3   defamatory statements made by defendant were truthful; (3) plaintiff executed a binding release
4   of all claims associated with disclosures of information about him to the recipient of the
5   information on which plaintiff bases his claims; and (4) the evidence demonstrates that defendant
6   did not engage in any independently wrongful act that would provide a basis for a claim of
7   interference with prospective economic relations or for interference with contract.  Defendant
8   contends that no triable issues of material fact exist with regard to the essential elements of
9   plaintiff's claims and that summary judgment should therefore be granted in defendant's favor as
10  to each claim.

11  The undersigned finds that defendant's contentions are supported by defendant's
12  statement of undisputed facts and the evidence cited.  Because defendant has met his initial
13  responsibility as the moving party, the burden shifts to plaintiff to establish that a genuine issue
14  as to any material fact actually does exist.

15  Plaintiff did not file opposition to defendant's motion and did not appear at the
16  hearing of the motion.  Plaintiff has failed to contradict defendant's evidence with evidence of
17  his own.  Taking defendant's evidence as the truth, the undersigned finds that there are no
18  disputed issues of fact and defendant is entitled to judgment in his favor as a matter of law.

19  A district court may not grant a motion for summary judgment simply because the
20  nonmoving party does not file opposing material, even if the failure to oppose violates a local
21  rule.  Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18  F.3d 651, 652
22  (9th Cir. March 9, 1994) (citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993)).
23  However, when a local rule does not require the court to grant an unopposed motion for summary
24  judgment, the court may determine whether noncompliance should be deemed consent to the
25  motion.  Id.
26  /////

Here, the local rule governing civil motion procedures provides that opposition to the granting of a motion "shall be in writing and shall be filed with the Clerk not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 78-230(c). The rule further provides that failure to appear at the hearing of a motion may be deemed withdrawal of opposition. Local Rule 78-230(j). Plaintiff has not prosecuted this action in any manner since the court permitted plaintiff's attorney of record to withdraw on June 12, 2007. Plaintiff's failure to file opposition and failure to appear at the hearing should therefore be deemed a waiver of opposition to defendant's well supported and meritorious motion for summary judgment.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's July 18, 2007 amended motion for summary judgment be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **ten** (10) days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within **ten** (10) days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 1, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1\orders.prose\charles2077.msj.f&r

6